**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES BENNET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-636-BAJ-DLD** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiffs' motion to remand in which they claim that the requisite amount in controversy has not been met in this case removed under the court's diversity jurisdiction (rec. doc. 6). Defendant State Farm has opposed the motion (rec. doc. 7).

### Background

On or about August 18, 2010, plaintiffs, Charles and Valencia Bennett, Iris Nettles, Melvin and Beverly Frazier, Angelia Andrews, and George and Kim Holden[1], brought suit against State Farm in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, seeking recovery under their homeowner's insurance policies issued by State Farm for damages to their homes as a result of Hurricane Gustav (rec. doc. 1-2). Plaintiffs allege that they submitted claims for their losses and that defendant arbitrarily and capriciously failed to timely pay their claims, or, alternatively, wrongfully denied their claims. Id. Plaintiffs seek damages, penalties, and attorney's fees pursuant to La. R.S. 22:658 and

---

[1] After suit was filed, George and Kim Holden settled their claims with defendant and were dismissed from this matter on December 1, 2010 (rec. doc. 9).

22:1220.[2] The petition does not contain any facts specifically describing how each plaintiff's home was damaged by Hurricane Gustav. Rather, the petition provides that "Defendant owes to Plaintiffs the policy limits of each said policy of insurance, less and except any sums already tendered to Plaintiffs by Defendants" (rec. doc. 1-2, ¶22). It further provides that "[e]ach individual Plaintiff affirmatively and knowingly waives entitlement to any damages, including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999.00." Id.

Defendant removed this matter alleging diversity jurisdiction. In the notice of removal, defendant sought to establish that the amount in controversy was satisfied by setting forth the coverage limits of each plaintiff's homeowner's insurance policy, each of which individually exceeds $75,000.[3] Plaintiffs filed a motion to remand based on the allegations in the petition that they waive entitlement to all damages in excess of $74,999.00 and their post-removal stipulations wherein they state that the amount of each plaintiff's claim is less than $75,000. Defendant opposes the motion to remand arguing that plaintiffs state in their petition that they are seeking the "policy limits" of their homeowner's

---

[2] Plaintiffs' petition references penalties and attorney's fees under La. R.S. 22:658 and 22:1220, which have been recodified at La. R.S. 22:1892 and 22:1973.

[3] Defendant's notice of removal set forth plaintiff's homeowner's coverage limits as follows:
- Charles and Valencia Bennett - $106,566.00 and $10,657.00 for dwelling and dwelling extension, respectively, and $79,926.00 for personal property.
- Iris Nettles - $289,917.00 and $28,092.00 for dwelling and dwelling extension, respectively, and $210,688.00 for personal property. State Farm has paid $545.00 for reimbursement for covered expenses.
- Melvin and Beverly Frazier - $186,000.00 and $18,600.00 for dwelling and dwelling extension, respectively, and $139,500 for personal property.
- Angelia Andrews - $154,171.00 and $15,417.00 for dwelling and dwelling extension, respectively, and $115,628.00 for personal property.
- George and Kim Holden - $104,339.00 and $10,434.00 for dwelling and dwelling extension, and $78,254.00 for personal property. State Farm has paid $3,097.13 for structure damage and $1,446.00 for contents.

policies, each policy valued at more than $75,000; therefore, the amount in controversy is satisfied, and that plaintiffs' post-removal stipulations that their claims are less than $75,000 do no divest the court of subject matter jurisdiction. The motion to remand is before the court for a report and recommendation.

### Discussion

The party seeking removal carries the burden of proving the existence either of diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003*), citing Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)*, and Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008)*.* Where diversity jurisdiction is alleged, defendant must establish facts that establish both the existence of diversity of citizenship and of the requisite amount in controversy. Diversity of citizenship is not at issue in this motion – plaintiffs are citizens of Louisiana and defendant is a citizen of Illinois; thus, the only issue before the court is whether the amount in controversy is satisfied.

When a case is removed on the basis of diversity jurisdiction, as here, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeded the statutory seventy-five thousand ($ 75,000) dollar jurisdictional amount at the time of removal. *Simon v. Wal- Mart Stores, Inc.,* 193 F. 3d 848, 850 (5th Cir. 1999)*.* The defendant may make this showing either: (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000 jurisdictional threshold; or (2) by setting forth facts in controversy, either in the notice of removal or sometimes by affidavit, that support a finding that the requisite amount was in controversy. *De Aguilar v. Boeing Co,* 47 F.3d 1404, 1412 *[De Aguilar II],* (5th Cir. 1995).

Regardless of how defendant makes the showing, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 883 (5th Cir. 2000). If the removing defendant carries this burden, then the case can be remanded only where the plaintiff proves to a legal certainty that the amount in controversy at the time of removal nonetheless fell below $75,000. *E.g., Manguno v. Prudential Property and Casualty Company,* 276 F.3d 720, 724 (5th Cir. 2002). Plaintiff may establish this by identifying a statute, or by filing a binding stipulation, that so limits her recovery. *Id.* A post-removal stipulation to a lesser amount, however, cannot deprive the court of jurisdiction once obtained, as, for example, where it is clear from the face of the petition that more than $75,000 was in controversy at the time of removal. *See, e.g., Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1336 (5th Cir. 1995) A different situation arises when a post-removal affidavit is offered to clarify an ambiguous petition. *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F. 2d 559 (5th Cir.1993). In *ANPAC*, the Fifth Circuit held that a post- removal affidavit stipulating that the claim did not exceed the jurisdictional amount may be referred to when the amount in controversy is not clear in the petition or the notice of removal.

There are no facts in the petition that elaborate on the type of damages sustained to each plaintiff's home or the value of the loss to each plaintiff's home. The petition simply states that "[d]efendant owes to Plaintiffs the policy limits of each said policy of insurance, less and except any sums already tendered to Plaintiffs by Defendant," which does not establish the amount in controversy (rec. doc. 1-2). Furthermore, plaintiffs specifically limit the amount of their claims by stating in their petition that they "waive entitlement to any

damages, including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74,999.00." Id.  Thus, the facts in the petition do not support that the amount in controversy is satisfied.  Defendant alleges in the notice of removal that the amount in controversy is satisfied because plaintiffs are seeking the "policy limits" and offer information to show that each policy is valued at more than $75,000 (rec. doc. 1).  The amount in controversy is not determined by the value of the policy, but rather the value of the underlying claim, which is unclear based on the facts alleged in the petition.  See Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908 (5th Cir. 2002); Lee v. Empire Ins., et al, 2009 WL 2160437 (E.D. La. 2009).  Thus, neither the petition nor the notice of removal allege facts that support that the amount in controversy was satisfied at the time of removal.

Subsequent to removal, each plaintiff entered into a binding stipulation wherein each plaintiff agreed that the amount in controversy in his/her individual claim does not exceed $75,000, inclusive of all general and special damages, attorneys' fees, and penalties, but exclusive of interest and costs, and each plaintiff renounced his/her right to enforce any judgment in his/her individual claim in an amount greater than $75,000, inclusive of all general and special damages, attorneys' fees, and penalties, but exclusive of costs (rec. doc. 6, Exhibits 3(a)-(e)).  In light of the uncertainty of the amount in controversy in the petition, defendant's failure to establish that the amount in controversy was satisfied in the notice of removal, and plaintiffs' stipulations that the amount in controversy does not exceed $75,000, the court recommends that this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, based on the lack of subject matter jurisdiction.   Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 6) should be **GRANTED**, and this matter should be **REMANDED** to the **19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.**

Signed in Baton Rouge, Louisiana, on June 3, 2011.

_____
MAGISTRATE JUDGE DOCIA L. DALBY

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES BENNET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-636-BAJ-DLD** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 3, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**